UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION

| | |
|---|---|
| E.D., a Minor, by and through his Parents and Next Friends, ANTHONY DOUGHERTY and KATHERINE D. DOUGHERTY et al., | ) ) ) ) ) ) |
| Plaintiffs, | ) ) |
| vs. | ) ) Case No. 2:15 CV 86 CDP |
| PALMYRA R-1 SCHOOL DISTRICT, | ) ) ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

This action is brought by plaintiffs Anthony and Katherine Dougherty on their own behalf and on behalf of their minor son, E.D., who has been diagnosed with Trisomy 21 (sometimes referred to as "Down Syndrome"). E.D. was a student at Palmyra Elementary School in defendant Palmyra R-1 School District until his parents withdrew him at the beginning of first grade. On November 25, 2015, plaintiffs filed a four-count complaint against the District asserting violations of Section 504 of the Rehabilitation Act, Title II of the Americans with Disabilities Act (ADA), and 42 U.S.C. § 1983. Plaintiffs allege that the District refused their request to evaluate E.D. for a Section 504 plan and provide him with certain disability-related accommodations. Plaintiffs further allege that, in contrast to their

wishes, the District offered E.D. an individualized education plan (IEP) under the Individuals with Disabilities Education Act (IDEA). Among other injuries, plaintiffs claim E.D. was deprived of the opportunity to obtain a free public education. The District now moves for summary judgment on all four counts of plaintiffs' complaint. Because the undisputed evidence establishes that plaintiffs did not exhaust their administrative remedies before filing this suit and because plaintiffs' § 1983 claim in Count IV is barred by Section 504 and the ADA's remedial schemes, I will grant the District's motion for summary judgment. Judgment will be entered in favor of the District.

**Factual and Procedural Background**

Plaintiff E.D. is a former student of the Palmyra R-I School District who has been medically diagnosed with Trisomy 21. Plaintiff attended kindergarten and the beginning of first grade at Palmyra Elementary School (PES) in the District before his parents chose to withdraw E.D. and home-school him.

Prior to E.D. attending PES, his mother, Katherine Dougherty, informed the District that she and her husband wanted E.D. to be placed on a 504 plan. She acknowledged that E.D. also qualified for an IEP, but asserted they would refuse the IEP. Approximately a week later, Katherine Dougherty submitted a Section 504 Referral Form to the District and a Section 504 team convened. Because the team suspected E.D. had a disability under the IDEA, a referral was made under

2

the IDEA and the Doughertys were sent a Notice of Action.  In July 2014, a multidisciplinary team, which included plaintiff Katherine Dougherty, met.  The team found E.D. met criteria for special education services under the IDEA. The District offered to provide an IEP to E.D., but his parents refused the IEP.

In kindergarten, E.D. was placed in a general education, mainstream classroom.  He did not have an IEP or a Section 504 plan.  In May of 2015, near the end of E.D.'s kindergarten year, a multidisciplinary team again met and determined that E.D. qualified as a student with a disability under IDEA.  A draft IEP was proposed for E.D and plaintiffs were provided with a Notice of Action. E.D.'s parents refused to provide consent for him to receive services and the District did not implement the proposed IEP.  E.D.'s parents were provided with multiple copies of the Notice of Procedural Safeguards.

On May 27, 2015, plaintiffs again requested a 504 evaluation and plan for E.D. by submitting a referral form to the District.  In June 2015, the District notified E.D.'s parents that their 504 request was denied.  Plaintiffs did not file a due process complaint under the IDEA.  Plaintiffs claim they filed a "notice of appeal" regarding the District's denial of their request for a 504 plan, but later withdrew it.  On August 19, 2015, E.D. began first grade at PES, but was withdrawn after nine days.

In November 2015, Plaintiffs filed a four-count complaint against the District alleging violations of Section 504, the ADA and Section 1983. Specifically, Counts I and II allege the District failed to provide E.D. with educational accommodations in violation of Section 504 and the ADA. In Count III, Plaintiffs assert the District retaliated against them in violation of Section 504 and the ADA. Finally, in Count IV, plaintiffs request relief under Section 1983 for alleged violations of parents' procedural due process right to make decisions for E.D. Plaintiffs ask this Court to order the District to provide accommodations to E.D. under Section 504. Plaintiffs also seek an award of compensatory damages and education, along with attorney's fees and costs. The District now moves for summary judgment on all four Counts of the complaint.

**Summary Judgment Standard**

Summary judgment must be granted when the pleadings and proffer of evidence demonstrate that no genuine issue of material fact exists and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett,* 477 U.S. 317, 322-23 (1986); *Torgerson v. City of Rochester,* 643 F.3d 1031, 1042 (8th Cir. 2011) (en banc). I must view the facts in the light most favorable to the nonmoving party, "but only 'if there is a genuine dispute as to those facts.'" *RSA 1 Ltd. P'ship v. Paramount Software Assocs., Inc.*, 793 F.3d 903, 906 (8th Cir. 2015) (quoting *Torgerson*, 643 F.3d at 1042). "Only

4

disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); *Ryan v. Capital Contractors, Inc.*, 679 F.3d 772, 776 (8th Cir. 2012). However, summary judgment is particularly appropriate when only questions of law are involved, rather than factual issues that may or may not be subject to genuine dispute. *See, e.g., Cremona v. R.S. Bacon Veneer Co.*, 433 F.3d 617, 620 (8th Cir. 2006).

The relevant facts in this case are not in dispute; instead, the parties argue whether the law as applied to those facts requires that judgment be entered in the District's favor. For the following reasons, the District is entitled to judgment as a matter of law on the undisputed facts of this case.

## Discussion

In Counts I though IV of the complaint, plaintiffs seek relief for alleged violations of the Constitution, Section 504 and the ADA. The District argues that summary judgment must be granted in its favor because plaintiffs were required as a matter of law to exhaust their administrative remedies under the IDEA with respect to each of their claims and it is undisputed they have not done so. I will first consider whether Counts I and II were subject to the IDEA's exhaustion requirement and then separately address Counts III and IV.

**A. Counts I and II**

In Counts I and II, plaintiffs allege the District failed to provide E.D. with educational accommodations and deprived him of a free public education in violation of Section 504 and the ADA. The District argues it is entitled to summary judgment in its favor as plaintiffs failed to exhaust their administrative remedies under the IDEA. Although plaintiffs concede they did not file a due process complaint before filing this action, they argue the IDEA's exhaustion requirement is not applicable to their claims.

The IDEA provides that every child with a disability is entitled to a free appropriate public education ("FAPE"). *Forest Grove Sch. Dist. v. T.A.*, 129 S.Ct. 2484, 2487 (2009). To provide a FAPE, a school district must "design and implement an individualized educational program ["IEP"] for each student with a disability." *Bailey v. Avilla R–XIII Sch. Dist.,* 2011 WL 6887863, at * 6 (W.D. Mo. Dec. 29, 2011) (citing 20 U.S.C. § 1414(d)). An IEP is a written statement for each child with a disability, *J.L. v. Francis Howell R-3 Sch. Dist.*, 693 F.Supp.2d 1009, 1013 (E.D. Mo. 2010), that is developed by an IEP team consisting of the child's parents, teachers and specialists. *Lamkin v. Lone Jack C-6 Sch. Dist.,* No. 11-CV-1072-DW-W, 2012 WL 8969061, at *2 (W.D. Mo. Mar. 1, 2012).

Because parents and school representatives sometimes cannot agree, the IDEA establishes formal procedures for resolving disputes. *Fry v. Napoleon Cmty.*

*Sch.*, 137 S. Ct. 743, 749, 197 L. Ed. 2d 46 (2017). To begin, a dissatisfied parent may file a complaint as to any matter concerning the provision of a FAPE with the local or state educational agency. § 1415(b)(6). After a preliminary meeting or mediation, the matter may proceed to a due process hearing before an impartial hearing officer." *Fry*, 137 S.Ct at 749; § 1415(f). Further, parents have the right to administratively appeal an adverse decision rendered in such a hearing. § 1415(g). A parent unhappy with the outcome of this administrative process may challenge it in district court. § 1415(i)(2)(A). The IDEA's preservation-of-rights and exhaustion provision, § 1415(l), provides as follows:

> Nothing in this chapter shall be construed to restrict or limit the rights, procedures, and remedies available under the Constitution, the Americans with Disabilities Act of 1990, title V of the Rehabilitation Act of 1973, or other Federal laws protecting the rights of children with disabilities, except that before the filing of a civil action under such laws seeking relief that is also available under this subchapter, the procedures under subsections (f) and (g) shall be exhausted to the same extent as would be required had the action been brought under this subchapter.

20 U.S.C. § 1415(l).

In *Fry v. Napoleon Cmty. Schs*, 137 S. Ct. 743, 754 (2017), the Supreme Court considered the IDEA's exhaustion requirement recited above and what it means to seek "relief that is also available" under the IDEA. The Supreme Court held that "§ 1415(l)'s exhaustion rule hinges on whether a lawsuit seeks relief for the denial of a [FAPE]." *Id.* at 754. The Supreme Court further concluded that exhaustion of the IDEA's administrative procedures applies to claims under the

7

Constitution and Rehabilitation Act (and other statutes for the protection of children with disabilities) when the remedy sought is for the denial of the IDEA's core guarantee of a FAPE. *Id.*. at 754. The Court explained that, in determining whether a claim seeks relief for such a denial, a court should look to the substance, or gravamen, of the plaintiff's complaint. *Id.* at 752-58.

I find that the gravamen of plaintiffs' Section 504 and ADA claims in Counts I and II concern the District's failure to provide a FAPE to E.D. Plaintiffs continually allege throughout the complaint that E.D. was not provided with a "free public education." (Compl. at ¶¶ 25, 26, 33, 35, 45, 48, 49, 65, 69, and 74). Moreover, plaintiffs dispute E.D.'s eligibility under the District's proposed IEP and challenge the IEP's proposed content. The complaint includes an itemized list of educational accommodations requested from the District to permit E.D. to have a FAPE.

Plaintiffs argue their lawsuit is not about the denial of a FAPE, but about access to accommodations pursuant to Section 504 and the ADA. Plaintiffs emphasize that they never sought and repeatedly refused to consent to an IEP under the IDEA. But, as noted in *Fry*, plaintiffs may not bypass the IDEA's administrative procedures by voluntarily revoking consent under the IDEA and then recasting their grievances under other statutes, including Section 504 and the ADA. *Fry*, 137 S.Ct at 747. *See also Lamkin*, 2012 WL 8969061, at *4.

Plaintiffs also invoke two exceptions to the IDEA exhaustion requirement that are recognized by the Eighth Circuit, namely "futility" and the "inability of the administrative remedies to provide adequate relief." *See J.B. ex rel. Bailey v. Avila R-X III Sch. Dist.*, 721 F.3d 588, 594 (8th Cir. 2013). First, plaintiffs argue that because they did not seek to exercise rights under the IDEA, it would have been futile for them to exhaust their administrative remedies under it. However, had plaintiffs filed a due process complaint, the agency could have addressed whether E.D. required an IEP or a Section 504 plan. Moreover, the agency could also have determined the accuracy of E.D.'s eligibility classification under the IDEA and the adequacy of the proposed IEP's content, both of which were disputed by plaintiffs.

Secondly, plaintiffs contend the inadequate remedy exception is applicable because they seek compensatory damages, which are not available under the IDEA. *See Bradley v. Ark. Dep't of Educ.,* 301 F.3d 952, 957 (8th Cir. 2002). However, the Eighth Circuit has determined exhaustion is required and the inadequate remedy exception does not apply where plaintiffs seek some relief available under the IDEA and some relief that is not available under the IDEA, including compensatory damages. *Bailey*, 721 F.3d at 595. Here, in addition to compensatory damages, plaintiffs also requested compensatory education and attorney's fees—both available under the IDEA. *See id.* at 593. Thus, neither the

inadequate remedy exception nor the futility exception to the exhaustion requirement applies to plaintiffs' claims.

For all these reasons, I find plaintiffs were required to exhaust their claims, and that no exception applies. Moreover, because it is undisputed that plaintiffs did not file a due process complaint under IDEA before filing this lawsuit, I find they failed to comply with the IDEA's exhaustion requirement and will grant summary judgment in favor of the District on Counts I and II.

**B. Count III**

In Count III, plaintiffs argue the District retaliated against them, in violation of Section 504 and the ADA, for refusing to consent to an evaluation and IEP under the IDEA and instead requesting an evaluation and plan under Section 504. As with Counts I and II, Defendant argues summary judgment must be granted in its favor on this count because plaintiffs failed to exhaust their administrative remedies under the IDEA. As a threshold matter, I will first consider whether the IDEA's exhaustion requirement extends to *retaliation* claims brought pursuant to Section 504 and the ADA. For the reasons stated below, I find plaintiffs' retaliation claim is related to the provision of a FAPE under 20 U.S.C. § 1415(b)(6) and so was subject to the IDEA's exhaustion requirement.

The IDEA's exhaustion requirement is applicable when the gravamen of plaintiffs' Section 504 and ADA claim relates to the denial of the IDEA's core

guarantee of a FAPE. *Fry*, 137 S. Ct. at 754. The IDEA is broad in scope and affords parents of a disabled child the opportunity to present a complaint "with respect to *any* matter *relating* to the identification, evaluation, or educational placement of the child, or the provision of a free appropriate public education to such child...." 20 U.S.C. § 1415(b)(6)(A) (emphasis added).

Focusing on the retaliation claim asserted here, the allegations set forth in Count III clearly concern the District's provision of a FAPE to E.D. Plaintiffs contend the District retaliated against them for refusing an IEP under IDEA and requesting a 504 plan and accommodations "to enable E.D. to access the educational programs and services offered by the District …." (Compl. at ¶ 79). Plaintiffs assert they suffered injury when the District denied E.D. access to and the ability to participate in the educational programs and services offered by the District in a mainstream classroom.

Because plaintiffs' retaliation claim clearly relates to the provision of a FAPE to E.D., Count III is subject to the IDEA's exhaustion requirement. *See Batchelor v. Rose Tree Media Sch. Dist.*, 759 F.3d 266, 274–75 (3d Cir. 2014) (concluding that appellants' retaliation claims asserted under Section 504 of the Rehabilitation Act and ADA "relate unmistakably" to the provision of a FAPE to the student, and are thus subject to the IDEA's exhaustion requirement); *Rose v. Yeaw,* 214 F.3d 206, 210 (1st Cir. 2000) (finding that retaliation claims "relate

unmistakably to the evaluation and educational placement of [a student], ... and to the provision of a free appropriate education...."); *M.T.V. v. DeKalb Cnty. Sch. Dist.,* 446 F.3d 1153, 1158–59 (11th Cir. 2006) ("[R]etaliation claims clearly relate to [the disabled student's] evaluation and education, and, therefore, are subject to the [IDEA's] exhaustion requirement."). As discussed above under Counts I and II, plaintiffs have failed to exhaust their administrative remedies and further failed to show their non-compliance with the requirement should be excused. Accordingly, I will grant summary judgment on Count III in favor of the District.

**C. Count IV**

The final count of the complaint attempts to state a claim under 42 U.S.C. § 1983. Count IV generally alleges that plaintiffs have a due process right to make decisions regarding E.D's upbringing and education, and that the District violated this right by putting forth an IEP without the parents' consent and by failing to provide a Section 504 plan and certain accommodations they requested. Among other things, Count IV requests compensatory damages in excess of $250,000.

The District is entitled to summary judgment as a matter of law on Count IV on two separate grounds. First, plaintiffs did not properly exhaust Count IV. The above conclusions precluding plaintiffs' claims in Counts I and II because plaintiffs failed to exhaust their administrative remedies apply as well to their procedural due process claim under § 1983. The gravamen of plaintiffs' Section

1983 claim is ultimately based on the denial of a FAPE for E.D. and thus, exhaustion applies. *See Swift v. SSD of St. Louis Cty.*, No. 4:16CV00314 AGF, 2017 WL 4237010, at *5 (E.D. Mo. Sept. 25, 2017).

In addition, Count IV is not cognizable. Here, plaintiffs' Section 1983 claim is primarily based on the District's alleged refusal to provide a Section 504 plan and ADA accommodations after plaintiffs refused consent to IDEA evaluations or services. Because Count IV arises from the same allegations underlying plaintiffs' § 504 and ADA claims, it is barred by those statutes' remedial schemes. In *Davis v. Francis Howell Sch. Dist.,* 104 F.3d 204 (8th Cir. 1997), the Eighth Circuit explained that "the comprehensive enforcement mechanisms provided under § 504 and the ADA suggest Congress did not intend violations of those statutes to be also cognizable under § 1983." *Id.* at 206; *see also Lamkin*, 2012 WL 8969061, at *5. Accordingly, as plaintiffs' Section 1983 claim is not properly exhausted or cognizable, I will grant summary judgment in the District's favor on Count IV.

Finally, also pending before the Court is plaintiffs' motion for summary judgment on several affirmative defenses asserted by the District, and the District's motion to exclude expert testimony. Because I am granting the District's motion for summary judgment on all four counts of plaintiffs' complaint, I will deny these pending motions as moot.

Accordingly,

**IT IS HEREBY ORDERED** that defendant's Motion for Summary Judgment [54] is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiffs' Motion for Summary Judgment [46] is and defendant's Motion to Exclude certain testimony [50] are **DENIED AS MOOT**.

A separate Judgment is entered this date.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 11th day of December, 2017.